UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MJM ELECTRIC, INC.,

    Plaintiff,

v.                                                          Case No: 8:22-cv-2008-KKM-JSS

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Defendant.
_____

**ORDER**

Plaintiff MJM Electric subcontracted to perform electrical work for Pteris Global (USA), Inc., (Pteris) which received a payment bond with Defendant National Union Fire Insurance Company of Pittsburgh, PA, (National Union). MJM Electric now sues National Union for breaching its surety bond agreement. National Union moves to join Pteris as a required party under Rule 12(b)(7). Motion (Doc. 12). Because Pteris is not a required party under Rule 19, National Union's motion is denied.

I.   BACKGROUND[1]

MJM Electric is "an industrial and heavy commercial electrical contractor." Compl. (Doc. 1) ¶ 2. In June 2018, Pteris subcontracted with MJM Electric to perform the

---

[1] These facts are taken from MJM Electric's complaint and accepted as true at this stage.

electrical installation on one of its projects. *Id.* ¶ 16. MJM Electric began work later that summer, but over the next two years, the project was delayed due to "Pteris's lack of communication, inadequate and incomplete design," payment issues, and delays by other subcontractors. *Id.* ¶¶ 28, 31, 36. Additionally, Pteris demanded that MJM Electric perform work outside the scope of the contract. *Id.* ¶¶ 32–33, 41. Pteris "has failed and refused to compensate MJM Electric for out-of-scope work, significant delays caused by Pteris, and additional work required by continuous design changes." *Id.* ¶ 45.

National Union "issued a payment bond" in July 2018, with Pteris as bond principal, which provides that "every Claimant" may recover from National Union for "amounts due for labor, materials, or equipment used or reasonably required for use in the performance of the Subcontract" that Pteris fails to pay. *Id.* ¶¶ 10, 50. MJM Electric qualifies as a "Claimant" under the terms of the bond. *Id.* ¶ 51. MJM Electric informed National Union of Pteris's failure to pay, but National Union "has failed to provide payment." *Id.* at ¶¶ 53–54.

MJM Electric sues National Union to recover the amount due under the bond. National Union moves under Rule 12(b)(7) to join Pteris as a required party. *See* Motion at 4.

2

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(7) allows a party to present by motion the defense of "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). "Rule 19 is a two-step inquiry." *Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011). First, the party must be "required," which means joinder of that person will not deprive the court of subject matter jurisdiction and:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a). Second, if the absent party is "required" and cannot be joined, the court uses the factors listed in Rule 19(b) to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at 19(b); *see also Lama*, 633 F.3d at 1344.

## III. ANALYSIS

National Union argues that Pteris is a required party because "[t]he overwhelming majority of the allegations are between Plaintiff and Pteris" and "Pteris must be given the

3

opportunity to dispute these allegations and protect its interests." Motion at 3–4. But these allegations are not sufficient to make Pteris a required party.

In *United States v. Rigel Ships Agencies, Inc.*, the Eleventh Circuit concluded that the bond principal was not a required party in an action where the United States sued a surety to recover a civil penalty secured under a bond. 432 F.3d 1282, 1291–92 (11th Cir. 2005) ("As a practical matter, failing to join the [principal] does not impede [the surety's] ability to protect its interests or leave it open to multiple liability. [The surety] is free to pursue indemnification from [the principal] and has done so."). And several district courts have similarly found prinicipals under performance bonds like this one to be dispensable because complete relief can be obtained against the surety without joining the principal. *See e.g.*, *Dev. Sur. & Indem. Co. v. Harding Village, Ltd.*, 2007 WL 465519, at *4–5 (S.D. Fla. Feb. 9, 2007) (Cooke, J.); *Fidelity & Deposit Co. of Md.*, 2009 WL 10688424, at *2–3 (N.D. Ala. Apr. 13, 2009) (Hancock, J.).

Same here. Though MJM Electric may have claims against Pteris under its contract, those claims are separate from the claims under the bond against National Union and any judgment against National Union under the separate terms of the bond contract would not affect those claims. Likewise, National Union may seek indemnification or any other claim it may have against Pteris, but failure to join Pteris here does not prevent full relief for MJM Electric under the bond nor does it expose National Union to duplicate or

4

inconsistent liability. Of course, any judgment in this action would not bind Pteris and so would not affect its rights.

Lastly, National Union argues only that the Court should order Pteris to be joined; it does not claim that joinder of Pteris is not feasible. Because National Union does not argue that this case should be dismissed for failure to join a required party, this motion does not state a defense to MJM Electric's complaint and is not a proper 12(b) motion.

## IV.   CONCLUSION

Pteris Global is not a required party under Rule 19 and a request for joinder is not a defense to a claim for relief. Accordingly, the following is **ORDERED**:

1.   Defendant's motion to join Pteris (Doc. 12) is **DENIED**.

2.   Defendant must answer Plaintiff's complaint by **March 8, 2023**.

**ORDERED** in Tampa, Florida, on February 22, 2023.

Kathryn Kimball Mizelle
United States District Judge

5