UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MJM ELECTRIC, INC.,

    Plaintiff,

v.                                Case No: 8:22-cv-2008-KKM-JSS

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Defendant.
_____

## ORDER

Plaintiff MJM Electric subcontracted to perform electrical work for Pteris Global (USA), Inc., (Pteris) which received a payment bond with Defendant National Union Fire Insurance Company of Pittsburgh, PA, (National Union). MJM Electric now sues National Union for breaching its surety bond agreement. *See* Compl. (Doc. 1). After the Court denied National Union's motion to join Pteris as a required party under Rule 19, it moved again, this time under Rule 20, to join Pteris as a permissive party. Second Mot. to Join (Doc 23). Because no claims are asserted against Pteris, National Union's motion is denied.

I.  BACKGROUND[1]

MJM Electric is "an industrial and heavy commercial electrical contractor." Compl. ¶ 2. In June 2018, Pteris subcontracted with MJM Electric to perform the electrical installation on one of its projects. *Id.* ¶ 16. MJM Electric began work later that summer, but over the next two years, the project was delayed due to "Pteris's lack of communication, inadequate and incomplete design," payment issues, and delays by other subcontractors. *Id.* ¶¶ 28, 31, 36. Additionally, Pteris demanded that MJM Electric perform work outside the scope of the contract. *Id.* ¶¶ 32–33, 41. Pteris "has failed and refused to compensate MJM Electric for out-of-scope work, significant delays caused by Pteris, and additional work required by continuous design changes." *Id.* ¶ 45.

National Union "issued a payment bond" in July 2018, with Pteris as bond principal, which provides that "every Claimant" may recover from National Union for "amounts due for labor, materials, or equipment used or reasonably required for use in the performance of the Subcontract" that Pteris fails to pay. *Id.* ¶¶ 10, 50. MJM Electric qualifies as a "Claimant" under the terms of the bond. *Id.* ¶ 51. MJM Electric informed National Union of Pteris's failure to pay, but National Union "has failed to provide payment." *Id.* at ¶¶ 53–54.

---

[1] These facts are taken from MJM Electric's complaint and accepted as true at this stage.

MJM Electric sues National Union to recover the amount due under the bond. National Union first filed a motion under Rule 12(b)(7) to join Pteris. First Mot. to Join (Doc. 12). The Court denied the motion because Pteris is not a required party under Rule 19 and because National Union did not argue that the case should be dismissed, so it did not state a defense under Rule 12. Order (Doc. 22). National Union now moves under Rule 20 to join Pteris. *See* Second Mot. to Join at 3.

## II.   LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 20(a) allows joinder of defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action.

As National Union notes, "the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." Mot. at 4 (quoting *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000)). As such, "joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). National Union argues that Pteris should be joined in this action because "all the disputes arise out of the same transaction."

Mot. at 8. There is just one problem with this argument: no "right to relief is asserted against" Pteris as is required by Rule 20. Fed. R. Civ. P 20(a)(2)(A).

MJM Electric asserts one breach of contract claim against National Union, but did not bring claims against Pteris. Compl. ¶¶ 48–54. Even if National Union is correct that any potential claims against Pteris arise out of the same transaction as this one, it cannot use Rule 20 to force MJM Electric to bring claims it has chosen not to bring in this action. *See, e.g.*, *Hefley v. Textron*, 713 F.2d 1487, 1499 (10th Cir. 1983) (noting that "joinder of defendants under rule 20 is a right belonging to the plaintiffs, and only when a right to relief is asserted against each defendant"). *See* 7 Charles A. Wright & Arthur R. Miller, FED. PRAC. & PROC. § 1657 (3d ed.) (noting that "plaintiff generally has the prerogative of joining multiple defendants or bringing separate actions").

Of course, when proper, "any party who asserts a counterclaim or crossclaim under Federal Rule of Civil Procedure 13 may join additional parties under Rule 20" because then "the counterclaiming or crossclaiming defendants are considered to be plaintiffs and the parties they seek to join will be viewed as defendants." *see id.* But National Union neither asserts any counterclaims or crossclaims, *see* Answer (Doc. 26), nor claims in the motion that it intends to bring counterclaims if the Court grants this motion. Mot. at 6–7 (noting only that Pteris intends to assert its own claims against MJM Electric).

## III. CONCLUSION

No claim is asserted against Pteris, so joinder under Rule 20 is inappropriate. Accordingly, Defendant's motion to join Pteris (Doc. 23) is **DENIED**.

**ORDERED** in Tampa, Florida, on March 27, 2023.

Kathryn Kimball Mizelle
United States District Judge